UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BELKYS GARCIA DOMINGUEZ,

    Plaintiff,

v.                                         Case No. 8:19-cv-2439-T-33JSS

AMERISURE MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Amerisure Mutual Insurance Company's Motion to Dismiss, or in the Alternative, Motion to Consolidate, and Motion to Dismiss, or in the Alternative, Unopposed Motion to Abate Plaintiff's Cause of Action for Bad Faith, filed on October 3, 2019. (Doc. # 4). Plaintiff Belkys Garcia Dominguez responded on November 5, 2019. (Doc. # 15). For the reasons that follow, the Motion is granted as set forth below.

**I.    Background**

This case arises from a car accident that occurred on May 23, 2017. (Doc. # 1-1 at 1). Dominguez was driving a vehicle owned by her employer, Commercial Pool Cleaners, Inc., in the course of her employment when she was hit by

1

another driver. (Id. at 3, 12). As a result of the accident, Dominguez allegedly suffered severe injuries. (Id. at 3).

Amerisure had issued Commercial Pool Cleaners a car insurance policy that included underinsured motorist benefits. (Id.). Amerisure disagreed with Commercial Pool Cleaners and Dominguez, however, about the amount of underinsured motorist benefits available under the policy.

Amerisure thus initiated a declaratory judgment action against Dominguez and Commercial Pool Cleaners in federal court on November 26, 2018; that case remains pending before Judge Bucklew. See Amerisure Mutual Insurance Company v. Commercial Pool Cleaners, Inc. et al, 8:18-cv-2878-T-24AAS (Doc. # 1). There, Amerisure seeks a determination as to whether the policy provides $50,000 or $1,000,000 in underinsured motorist coverage. That determination is necessary because, according to Amerisure, Commercial Pool Cleaners signed a form selecting both $1,000,000 and $50,000 as the underinsured motorist limits. Id. Amerisure voluntarily dismissed its claim against Commercial Pool Cleaners and is now pursuing the declaratory judgment action against Dominguez alone. See Id. at (Doc. ## 13-14).

Over nine months after the first case was filed, Dominguez initiated this action in state court on September

2

9, 2019. (Doc. # 1-1). Dominguez's Complaint asserts two counts against Amerisure: an uninsured/underinsured motorist claim (Count I) and a bad faith claim under Florida Statute § 624.155 (Count II). (Id.).

Amerisure removed the case to this Court on October 2, 2019. (Doc. # 1). Amerisure then filed the instant Motion, seeking to dismiss the case because Dominguez's claims are allegedly compulsory counterclaims that should have been filed in the first action. (Doc. # 4). Alternatively, Amerisure asks that this case be transferred to Judge Bucklew and then consolidated with the first action. (Id.). Amerisure also seeks either dismissal or abatement of Count II for bad faith on the grounds that the claim is premature. (Id.).

After Dominguez failed to timely respond to the Motion, the Court granted the Motion as unopposed on October 18, 2019, and closed the case. (Doc. # 7). Dominguez then filed a motion for reconsideration on October 28, 2019. (Doc. # 10). The Court granted that motion to the extent the Court reopened the case and reinstated the Motion. (Doc. # 13). Dominguez then filed her response to the Motion on November 5, 2019. (Doc. # 15). The Motion is now ripe for review.

**II. Discussion**

Amerisure contends that this case should be dismissed because Dominguez's claims should have been brought as compulsory counterclaims in the first action. (Doc. # 4 at 2-3). The parties agree that the compulsory counterclaim issue is controlled by Federal Rule of Civil Procedure 13 (Id.; Doc. # 15 at 3).

Federal Rule of Civil Procedure 13 provides:

> A pleading must state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1).

To determine whether a claim is a compulsory counterclaim, this Court applies the "logical relationship" test. Under this test, "there is a logical relationship when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985)(citation omitted).

According to Amerisure, the claims in this case are compulsory counterclaims because "there is a 'logical relationship' between the transaction or occurrence in this action and the Declaratory Judgment Action." (Doc. # 4 at 3-4). Dominguez disagrees. (Doc. # 15 at 4-9). Although she acknowledges that Amerisure's complaint in the declaratory judgment action "include[s] allegations related to [Dominguez's] May 23, 2017 collision with Shaffer, and her demand for [underinsured motorist] benefits," she contends that "Amerisure's claim for declaratory relief arises from the facts surrounding Commercial Pool's conflicting choice of [underinsured motorist] limits under the policies." (Id. at 6). By contrast, Dominguez's underinsured motorist claim in this action "arises out of the automobile crash and the injuries she sustained — not the execution of the insurance policies between Amerisure and its insured, Commercial Pool." (Id.).

The Court agrees with Amerisure about Count I. There is clearly a logical relationship between Dominguez's claim for underinsured motorist benefits against Amerisure and Amerisure's declaratory judgment claim against Dominguez. The declaratory judgment action was precipitated by Dominguez's car accident and her subsequent demand for benefits under the

5

insurance policy. That declaratory judgment action seeks to determine the policy limits for underinsured motorist benefits, and Dominguez seeks to recover those underinsured motorist benefits in this action. See 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1410.1 (3d ed. 2019)("When the same contract serves as the basis for both the claims and the counterclaims, the logical-relationship standard [] has been satisfied . . . ."); see also Geico Gen. Ins. Co. v. Graci, 849 So. 2d 1196, 1199 (Fla. 4th DCA 2003)("Although Graci's action [seeking underinsured motorist benefits] against [her insurer] is, indeed, an action on the contract of insurance, it is not an action for a breach of that contract; rather, it is an action filed pursuant to the contract.").

Thus, Count I is a compulsory counterclaim that should have been brought in the declaratory judgment action. Indeed, it is common for insureds to file counterclaims regarding their entitlement to underinsured motorist benefits in declaratory judgment actions initiated by insurance companies about the relevant policy. See, e.g., Auto-Owners Ins. Co. v. Csaszar, 893 F.3d 729, 733 (10th Cir. 2018)(affirming grant of summary judgment for insurance company where insurance company sought a declaratory judgment that the daughter of

6

its insureds was not entitled to underinsured motorist coverage under her parents' policy and the daughter filed a counterclaim seeking a declaration that she was entitled to such coverage); Country Preferred Ins. Co. v. Lee, 309 F. Supp. 3d 685, 687 (E.D. Mo. 2018)("Because [plaintiff insurance company] contends that the [defendant insureds] are not entitled to [underinsured motorist] coverage, it filed this declaratory judgment action seeking a declaration that it was not obligated to pay the [insureds] any amounts under their insurance policies. The [insureds] then filed counterclaims, seeking a declaration that [the insurance company] owes them the full amount of the [underinsured motorist] coverage under each of the three policies and alleging unjust enrichment, fraud, and vexatious refusal to pay."), aff'd, 918 F.3d 587 (8th Cir. 2019); Am. States Ins. Co. v. LaFlam, 808 F. Supp. 2d 400, 402 (D.R.I. 2011)("On May 19, 2010, [defendant insured] sent a letter to [plaintiff insurance company] demanding $1 million to settle her [underinsured motorist] claim under the Policy. [The insurance company] filed the instant [declaratory judgment] action roughly three months later. [The insured] counterclaimed for breach of contract and bad faith.").

But dismissal with prejudice is inappropriate as judgment has not yet been entered in the declaratory judgment action. See Fed. R. Civ. P. 13 advisory committee note 7 ("If the action proceeds to judgment without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred."). Instead, the dismissal of Count I is without prejudice so that Dominguez may seek relief in the declaratory judgment action. See Five Percent Nutrition, LLC v. Get Fit Fast Supplements, LLC, 391 F. Supp. 3d 1093, 1098 (M.D. Fla. 2019)(dismissing claims without prejudice to asserting the claims as compulsory counterclaims in the earlier-filed action).

As for Count II, however, the Court agrees with Dominguez that the bad faith claim is not a compulsory counterclaim to the declaratory judgment action. (Doc. # 15 at 8-9). Indeed, the parties agree the bad faith claim is premature (Id. at 9; Doc. # 4 at 5-6); thus, it could not have been brought as a compulsory counterclaim at the time Dominguez filed her answer in the declaratory judgment action. See Fed. R. Civ. P. 13(a)(1) ("A pleading must state as a counterclaim any claim that — **at the time of its service** — the pleader has against an opposing party." (emphasis added)). Thus, the Court will not dismiss Count II as a compulsory counterclaim.

Rather, the Court dismisses Count II without prejudice as premature. "Florida law does not recognize a 'valid' bad faith claim until there has been a determination of the insurer's liability and the insured's damages." Frantz v. Century-Nat'l Ins. Co., No. 8:19-cv-969-T-33SPF, 2019 WL 4394083, at *3 (M.D. Fla. Sept. 13, 2019)(citing Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 483 F.3d 1265, 1270 n.3 (11th Cir. 2007); Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000)). Again, the parties do not dispute that the bad faith claim is not ripe. (Doc. # 4 at 6; Doc. # 15 at 9).

"Thus, the only issue before the Court is whether the bad faith claim should be abated or dismissed without prejudice." Frantz, 2019 WL 4394083, at *3; see also Landmark Am. Ins. Co. v. Studio Imps., Ltd., Inc., 76 So. 3d 963, 964–65 (Fla. 4th DCA 2011)("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved."). This Court takes the view that "abating [a] bad-faith claim, even if it may be in the interest of judicial economy, is not the proper route. Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil Procedure. A plaintiff who has an as-yet unresolved claim

9

for . . . benefits is not 'entitled to relief' on its claim for bad-faith." Bele v. 21st Century Centennial Ins. Co., 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015).

The Court exercises its discretion to dismiss without prejudice the prematurely filed claim for bad faith. See Wells v. State Farm Mut. Auto. Ins. Co., No. 8:13-cv-2355-T-27AEP, 2014 WL 3819436, at *1 n.1 (M.D. Fla. Mar. 18, 2014)("The trend in Florida's appellate courts is to dismiss the bad faith claim without prejudice, rather than abate it, and the weight of authority from Florida's District Courts of Appeal and Supreme Court supports dismissal."); Great Am. Assurance Co. v. Sanchuk, LLC, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *7 (M.D. Fla. Jan. 23, 2012)("[W]hen premature filing of an action cannot be cured by the passing of time — that is, when the claim is dependent upon the outcome of a separate action — dismissal without prejudice is preferred.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Amerisure Mutual Insurance Company's Motion to Dismiss, or in the Alternative, Motion to Consolidate, and Motion to Dismiss, or in the Alternative, Unopposed

Motion to Abate Plaintiff's Cause of Action for Bad Faith (Doc. # 4) is **GRANTED** in part.

(2) Count I is **DISMISSED** without prejudice as a compulsory counterclaim.

(3) Count II is **DISMISSED** without prejudice as premature.

(4) As all claims have been dismissed, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of November, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE